PER CURIAM.
This case arises from the death of a child. The parents sued a pharmacist and pharmacy for negligence in formulating and dispensing a prescription; they also sued various medical providers for malpractice in their treatment of the child for the condition caused by his ingestion of the prescription drugs. The parents settled with the pharmacist and the pharmacy and executed releases. The trial court granted the medical providers’ motions for summary judgment based on the wording of the releases.
We reverse. Read as a whole, the releases “expressly reserved” the right to pursue causes of action against the medical providers for the damages resulting from their negligence when they settled with the pharmacy and pharmacist. Cf. Broz v. Rodriguez, 891 So.2d 1205, 1208 (Fla. 4th DCA 2005) (holding that where release against initial tortfeasor failed “to expressly reserve any rights against the subsequent tortfeasor physician,” the plaintiff was barred from further pursuing her claim against the subsequent tortfeasor); see Baudo v. Bon Secours Hospital/Villa Maria Nursing Center, 684 So.2d 211 (Fla. 3d DCA 1996).
POLEN, GROSS, JJ., and BLOOM, BETH F., Associate Judge, concur.